IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-182 |
| | ) | |
| KEVIN HARRIS | ) | |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                          December 21, 2006

        Defendant, Kevin Harris, asks the court to suppress
evidence that was seized from his person on March 12, 2006, by a
Jeanette, Pennsylvania Police Officer, following the traffic stop
of a vehicle in which he was a passenger.  Defendant has standing
to present this motion.  Defendant concedes that the initial
traffic stop, prompted by the driver's erratic behavior, was
lawful.  The principal issue presented by defendant is whether
the officers violated his Fourth Amendment rights by unreasonably
detaining the driver and defendant, beyond the scope of the
initial traffic stop.

        Defendant specifically contends that the officers
unreasonably detained the driver and defendant after the officers
determined that the driver was not driving under the influence of
drugs or alcohol.  The government argues that, upon questioning
the driver, the officers developed a reasonable articulable
suspicion that there were illegal drugs and/or firearms in the

vehicle.   The government contends that this suspicion justified
the short detention of the driver and the defendant after the
conduct which originally justified the traffic stop was fully
investigated.   Thus, the government argues, defendant's Fourth
Amendment rights were not violated and the instant motion should
be denied.

          The court has considered the evidence introduced at the
suppression hearing held on December 5, 2006, and is prepared to
rule.   For the following reasons, defendant's motion to suppress
is denied.

I.   FINDINGS OF FACT

          The credible evidence introduced at the hearing
establishes the following:

          At 1:00 a.m. on March 12, 2006, defendant was a
passenger in a 2001 Oldsmobile heading southbound on South 11th
Street toward Orange Avenue in Jeanette, Pennsylvania.   Patrolman
Justin Scalzo of the Jeanette Police Department K-9 unit was
assigned to routine patrol that night.   Patrolman Scalzo has been
a police officer for five (5) years and has been with the
Jeanette Police Department since March of 2005.   He observed the
Oldsmobile randomly braking and swerving.   He then followed the
Oldsmobile onto Western Avenue, and onto South 6th Street.   On
South 6th Street the Oldsmobile switched lanes but the driver

                              2

failed use the left turn signal lights. Patrolman Scalzo then initiated a traffic stop on the car. His dog, Wando, remained in the patrol car.

Patrolman Scalzo discovered that the car was being driven by a woman, with a man in the front passenger seat. Patrolman Scalzo could not see the face of the passenger since the man was wearing a hooded sweatshirt and had his head down. Patrolman Scalzo asked the driver for her license and registration, which she provided. The driver was Ranee M. Canady. Patrolman Scalzo noted that Ms. Canady's speech was slow and unclear. Patrolman Scalzo asked Ms. Canady if she was under the influence of alcohol. She said no, she was just tired. Patrolman Scalzo asked Ms. Canady a few more questions about her whereabouts that evening and determined that, although she did not seem to be under the influence of drugs or alcohol, her answers to his questions were inconsistent. Ms. Canady then told Patrolman Scalzo that she didn't want to get in trouble. Patrolman Scalzo asked Ms. Canady if there was anything illegal in her car. She replied that she did not know. Patrolman Scalzo then asked Ms. Canady if there were any drugs or weapons in the car, to which she replied "possibly." During Patrolman Scalzo's questioning, two additional Jeanette police officers, Sergeant Johnston and Patrolman Neal arrived at the scene.

3

Patrolman Scalzo removed Wando from the car and had the dog perform an exterior sweep of the vehicle. Patrolman Scalzo has received special training and is certified as a narcotics detection handler. Wando, a German Shepherd, has been certified by the National Police Work Dog Association to conduct narcotics detection. While rounding the vehicle, Wando "alerted" on the front passenger door. In accordance with his training, Patrolman Scalzo led Wando away from the car and then back again. Wando again alerted on the front passenger door. Patrolman Scalzo interpreted Wando's behavior as indicating that Wando detected a strong odor of narcotics coming from the car. Patrolman Scalzo returned Wando to his police cruiser.

At this juncture, defendant was asked to exit the car and was identified as Kevin Harris. Patrolman Scalzo, and Sergeant Johnston testified that they recognized defendant from past encounters. Sergeant Johnston ordered defendant to place his hands on the hood of the car. Defendant refused to do so and instead reached for his pocket. Sergeant Johnston repeated his order and then performed a pat-down search of defendant.

Sergeant Johnston has been a police officer for twelve (12) years and has been with the Jeanette Police Department since 2000. Sergeant Johnston testified that he has been involved in over one hundred felony drug arrests. During the pat-down search

4

of defendant, Sergeant Johnston felt a large quantity of money in the right front pocket of defendant's pants and a baggy containing a rock-like substance in his left front pocket. Sergeant Johnston knew, based upon his skill and experience, that this substance was crack cocaine.   Defendant was placed under arrest and then transported to the Jeanette Police Station.

II.   STATEMENT OF REASONS

The Fourth Amendment to the United States Constitution prohibits the government from conducting "unreasonable searches and seizures" of individuals.   U.S. Const. amend. IV.   Except under limited circumstances, warrantless searches and seizures are per se unreasonable under the Fourth Amendment.   United States v. Ross, 456 U.S. 798, 824-25 (1982).   Evidence obtained during the course of an unreasonable search and seizure can be suppressed and not admitted at trial.   Wong Sun v. United States, 371 U.S. 471 (1963).

Defendant concedes, and the court finds, that the initial traffic stop was lawful.   Defendant contends, however, that the police officers detained him longer than constitutionally permissible after Patrolman Scalzo determined that Ms. Canady was not under the influence of drugs or alcohol. Defendant argues that, but for his unlawful detention, the evidence against him would not have been found.

The Court of Appeals for the Third Circuit has held that "after a traffic stop that was justified at its inception, an officer who develops a reasonable, articulable suspicion of criminal activity may extend the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation." U.S. v. Givan, 320 F.3d 452, 458 (3d Cir. 2003). The court of appeals noted that "[w]hile reasonable suspicion must be more than an inchoate hunch, the Fourth Amendment only requires that police articulate some minimal, objective justification" for extending the scope of inquiries incident to a traffic stop. Id. In determining whether the police officers acted lawfully, this court "must consider the totality of the circumstances, in light of the officer's experience." Id.

Here, upon being told by Ms. Canady that illegal drugs and/or weapons were "possibly" in the car, Patrolman Scalzo had a reasonable articulable suspicion of criminal activity. Further, Patrolman Scalzo observed his narcotics detection dog, Wando, "alert" to the passenger side door twice, indicating the presence of a strong odor of narcotics. Either of these two developments subsequent to the initial traffic stop would have been independently sufficient to justify Patrolman Scalzo's reasonable, articulable suspicion that there were drugs in Ms.

6

Canady's car.  Based upon the totality of the circumstances, in light of the officers' experience, the court finds Patrolman Scalzo had a reasonable articulable suspicion of criminal activity sufficient to justify expanding the scope of the initial traffic stop and briefly detaining defendant.

III.  CONCLUSION

The government has sustained its burden of proof in this instance.  The credible evidence establishes that defendant's Fourth Amendment rights were not violated on March 12, 2006.  Accordingly, defendant's motion to suppress is DENIED.

BY THE COURT:

_____, J.

cc:  All Counsel of Record

7