IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>KEVIN HARRIS,     )<br>)<br>Defendant.     ) | Cr. No. 06-182<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This matter returns to the Court following a remand from the U.S. Court of Appeals for the Third Circuit for further consideration of Defendant Kevin Harris's ("Harris") Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. *See United States v. Jackson*, 964 F.3d 197 (3d Cir. 2020). On June 7, 2020, Harris was released from custody after serving a 210-month sentence of incarceration and commenced his 5-year term of supervised release. Harris's renewed motion seeks a reduction of the 5-year term of supervised release to 3 or 4 years and is opposed by the Government. (Docket Nos. 104; 106; 107; 108). The renewed motion has been fully briefed and is now ripe for disposition. (*Id.*). After careful consideration of the parties' submissions in light of the relevant standards governing motions for sentence reductions under § 404 of the First Step Act, *see e.g.*, *United States v. Jackson*, 964 F.3d 197 (3d Cir. 2020), *United States v. Easter*, 975 F.3d 318 (3d Cir. 2020), and all of the factors under 18 U.S.C. § 3553(a), the Court declines to exercise its discretion to reduce the 5-year term of supervised release in Harris's case.

At the outset, this Court previously recognized Harris's likely eligibility for a sentence reduction under § 404 of the First Step Act but declined to exercise its discretion to reduce his sentence after consideration of the section 3553(a) factors, including that he had stipulated to an amount of crack cocaine of 33.6 grams which exceeded the revised threshold of 28 grams necessary

to trigger enhanced penalties for § 841 violations under the Fair Sentencing Act.  (Docket No. 92).  The Court reasoned:

> Assuming that Mr. Harris is eligible for a reduction under the statute, this Court declines to exercise its discretion to reduce the sentence imposed by the late Hon. Gary L. Lancaster, for the reasons he expressed at the sentencing hearing on December 14, 2007, (see Docket No. 71), as well as the facts that neither the statutory penalties nor the advisory guidelines range would be affected if Defendant were sentenced today given the stipulated drug quantity and the additional information provided by the defense regarding his post-sentencing activities is not sufficient to persuade the Court that a sentence reduction is appropriate.  To the contrary, as Judge Lancaster noted, this Defendant's criminal conduct, significant criminal past, including several violent acts outlined in the Presentence Investigation Report and the other section 3553(a) factors "warrant[ed] significant incarceration in a federal penitentiary," (Docket No. 71 at 16), and the sentence imposed was needed to deter him from committing additional crimes and to protect the public from further crimes, particularly given that prior sentences of probation and lesser terms of incarceration imposed in the state system were ineffective in that those adjudications did little to change his criminal behaviors.  All told, the sentence of 210 months' incarceration followed by 5-years' supervised release is sufficient but not greater than necessary to meet all of the goals of sentencing in this case and the motion to reduce such sentence is denied.

(*Id*.).  In *Jackson*, the Court of Appeals vacated the Order denying relief to Harris and remanded "out of an abundance of caution" because the "decision to deny relief may have relied on faulty reasoning." *Jackson*, 964 F.3d at 207.  Specifically, the Court of Appeals noted that because "Harris was sentenced as a career offender, […] the stipulated drug quantity does not establish the advisory guidelines range; rather it is the post-Fair Sentencing Act statutory maximum that fixes the offense level that would be ascribed to Harris today." *Id.*  Hence, the Court of Appeals disagreed with this Court's assumption that Harris' guidelines range would remain the same since he was a career offender and admitted he was in possession of 33.6 grams of crack cocaine. *Id.*  Following the Court of Appeals' decision, the post-Fair Sentencing Act statutory penalties in Harris's case for the

"covered offense" under § 841(b)(1)(C) would be a statutory maximum term of imprisonment of 20 years and a term of not less than three years and up to a life term of supervised release, and the advisory guidelines ranges would be 168-210 months' incarceration and three years' supervised release. *See* 21 U.S.C. §§ 841(a) and 841(b)(1)(C); *see also* U.S.S.G. § 5D1.2(a)(2). While the parties concur that Harris's request for a sentence reduction should be examined with reference to these penalties, they disagree whether the Court should reduce the term of supervised release. (Docket Nos. 104; 106; 107; 108).

The Court has once again carefully considered all of the § 3553(a) factors and finds that the nature and circumstances of the offense; Defendant's "history and characteristics" and "the need […] to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant" do not justify a reduction in the term of supervised release. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C). To that end, the 210-month sentence of incarceration imposed by Judge Lancaster is both within the advisory guidelines range of 168-210 months and below the statutory maximum penalty of 240 months. *See Jackson*, 964 F.3d at 207; *see also* 21 U.S.C. §§ 841(a), 841(b)(1)(C). Although it is not challenged here given Harris's release from prison, the Court reiterates its prior decision that the 210-month term of incarceration is sufficient, but not greater than necessary in this case. *See* 18 U.S.C. § 3553(a). The 5-year term of supervised release is likewise within the applicable statutory penalties, as § 841(b)(1)(C) authorized up to a life term of supervision but is higher than the advisory guidelines range of 3 years for the commission of a Class "C" felony. *See United States v. Sanchez-Gonazlez*, 294 F.3d 563, 565 (3d Cir. 2002) (holding that statutory maximum penalty for supervised release for § 841 violation is up to life term); *see also* U.S.S.G. § 5D1.2(a)(2).

In this Court's estimation, the 5-year term of supervised release remains sufficient, but not

greater than necessary to meet all of the goals of sentencing in this case, 18 U.S.C. § 3553(a). "[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them," *United States v. Murray*, 692 F.3d 273, 281 (3d Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)), and it is this Court's judgment that five years of supervised release remains appropriate to facilitate Harris's successful reintegration into society. The Court recognizes that Harris has made some strides toward rehabilitation and should be commended for his recent actions including: completing numerous BOP programs and working while incarcerated with a clean disciplinary record; continuing good behavior while at the Renewal Center both at the end of his term of incarceration and the commencement of his period of supervised release; obtaining and maintaining gainful employment; transitioning to his own residence and a new job; maintaining sobriety; and, otherwise adhering to the conditions of supervised release from June 7, 2020 until the present. (*See* Docket Nos. 85; 89; 104; 107). However, these positive strides toward rehabilitation do not outweigh the other factors demonstrating the continuing need for the five-year term of supervised release here. *See Easter*, 975 F.3d at 326-27 (court is required to give meaningful consideration of post-sentencing developments and conduct an individualized assessment of § 3553(a) factors but has discretion to impose a reduced sentence and "is not required to do so").

As this Court noted previously and Judge Lancaster recognized at the sentencing hearing, the five-year term of supervised release is appropriate due to Harris's serious offense conduct and significant criminal history as well as the need for specific deterrence and to protect the public from his commission of further crimes. (Docket Nos. 71; 92). The Presentence Investigation Report ("PIR") reflects that Harris earned a criminal history score of 26 which is double the amount of points needed to reach criminal history category VI and he reached this highest category without the

career offender designation. *See U.S.S.G. Sentencing Table*. He was prosecuted in 13 separate criminal cases in state courts between the ages of 19 and 31 for all types of offenses including, among others, violent assaults; firearms violations; and several narcotics convictions. *See* PIR at ¶¶ 35-39. He was subject to every type of sanction available from fines to probationary terms, sentences of imprisonment (the most significant of which was 3 and ½ to 7 years) and parole. *Id*. Although the violent acts were committed in the 1990s when he was a much younger man, Harris's behavior was particularly troubling as he did all of the following: cut a man with a knife causing serious bodily injury; struck an individual with a crowbar during a large fight; assaulted an individual in a swimming pool; pushed a man to the floor and struck him with his fists and threw highchairs at him in a restaurant; shot a man in the head; and, punched a man repeatedly in the face causing broken bones in his face and nose. *See* PIR at ¶¶ 26, 27, 30, 32, 34, 35. He also had three prior convictions for possession with intent to distribute crack and powder cocaine, the last two of which were committed in the 2000s when he was 31 years old. *See* PIR at ¶¶ 36, 37, 39.

The record reflects that Harris was under some form of court supervision or serving a sentence from 1989 until 2005 but he committed multiple crimes while on bond and violated probation and parole on several occasions. *See* PIR at ¶¶ 26; 30; 37; 39. It also appears that Harris recidivated almost immediately after his supervision was lifted. To that end, Harris was released from prison and placed on parole on July 19, 2004 on two prior narcotics offenses involving crack cocaine; was revoked for violations on June 5, 2005; but released following the expiration of parole on December 5, 2005. *See* PIR at ¶¶ 37, 39. He then engaged in the instant offense a mere three months later, as he was arrested on March 12, 2006 and found in possession of 33.6 grams of crack cocaine, along with $1,539 in cash and seven individual bags of marijuana. *See* PIR at ¶¶ 6-8. He was 35 years old at the time. While Harris served a lengthy sentence of incarceration from 2006

5

until 2020, is now 50 years old and on the right track, there remains a need to deter him from committing additional crimes because lesser sentences for prior convictions including shorter periods of incarceration and probationary terms, were insufficient to dissuade him from engaging in serious criminal conduct of possession with intent to deliver illegal narcotics.  See 18 U.S.C. § 3553(a)(2).

      Further, the 5-year term of supervised release and monitoring by the Probation Office protects the public from his commission of further crimes and will assist him in making the transition from a career offender to law-abiding citizen successful by providing needed support in employment, vocational training, substance abuse, mental health and stability in other areas of his life.  With the Probation Office's assistance, Harris was placed at the Renewal Center initially due to housing needs but has now moved on to secure individual housing and settled in a different area.  He has also worked consistently, maintained sobriety with the required drug testing and monitoring and been provided other services.  Defendant's short term successes during the past 7 months are laudable but the Court strongly believes that a 5-year term of supervised release and the corresponding structure and monitoring which will be provided by the Probation Office will best serve the long-term goal of fully reintegrating Harris into law-abiding society given his decades-long history with the criminal justice system and prior recidivist behaviors.  See *Murray*, 692 F.3d at 281.  Of course, the Court's ruling is without prejudice to a later application for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) should Harris continue on this path toward success.  See also *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020).

      For all of these reasons and having carefully considered all of the parties' arguments and the relevant § 3553(a) factors, the Court declines to exercise its discretion to reduce the sentence of 5 years' supervised release in this case.  See *Easter*, 975 F.3d at 327 (quoting *Jackson*, 964 F.3d at

204) ("while a district court 'may' impose a reduced sentence, it is not required to do so.").

Accordingly, Harris's renewed motion is denied.

<u>s/Nora Barry Fischer</u><br>
Nora Barry Fischer<br>
Senior U.S. District Judge

Dated: February 25, 2021

cc/ecf: All counsel of record.